IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FAST TRACK SOURCING FZ LLE AND FAST TRACK SOURCING FZC LLC, § § § § *Plaintiff*, § § V. § § J&L SHORTT LLC D/B/A BIZZ & SISS § D/B/A BIZZ X SISS, § § *Defendant*. § § | Case No. 3:23-cv-00209 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Fast Track Sourcing FZ LLE and Fast Track Sourcing FZC LLC (collectively, "Fast Track"), files their Original Complaint (the "Complaint") against Defendant, J&L Shortt LLC d/b/a Bizz & Siss d/b/a Bizz x Siss ("Bizz"), and would respectfully show the Court the following:

## I. PARTIES

1. Fast Track Sourcing FZ LLE is a Dubai Free Zone limited liability entity organized and incorporated in United Arab Emirates, with a principal place of business located at Office 404, Al Saaha Offices – B Souk Al Bahar Burj Khalifa District, Dubai, United Arab Emirates. Fast Track Sourcing FZ LLE neither maintains nor is registered in any state of the United States.

2. Fast Track Sourcing FZC LLC is a Dubai Free Zone limited liability company organized and incorporated in United Arab Emirates, with a principal place of business located at Office 404, Al Saaha Offices – B Souk Al Bahar Burj Khalifa District, Dubai, United Arab Emirates. Fast Track Sourcing FZC LLC neither maintains nor is registered in any state of the United States.

3. Bizz is a Texas limited liability company duly organized in accordance with the laws of the State of Texas, which may be served through its registered agent, Jonathan Shortt, at 9418 Gatetrail Drive, Dallas, Texas 75238. According to the Texas Secretary of State's website, Bizz's principal place of business is located at 2290 Lead Plumb Drive, Frisco, Texas 75036. Upon information and belief, is managed by Jonathan Shortt, a citizen of the State of Texas who resides at 9418 Gatetrail Drive, Dallas, Texas 75238, and Logan Shortt, a citizen of the State of Texas who resides at 9418 Gatetrail Drive, Dallas, Texas 75238. Johnathan Shortt also holds the position as Director and, upon information and belief, Member, of Bizz.

## II. JURISDICTION AND VENUE

4. Each entity comprising Fast Track is a citizen of the United Arab Emirates because they are UAE companies with their principal place of business in Dubai, UAE. Furthermore, the members of Fast Track are citizens of foreign nations and, accordingly, are neither citizens nor residents of any state of the Unite States.

5. Bizz is a citizen of Texas because it is a Texas limited liability company with its principal place of business in Texas. Upon information and belief, the members of Bizz are Jonathan Shortt and/or Logan Shortt, both residents and citizens of Texas.

6. As alleged below, the damages in the matter exceed $75,000.00.

7. Accordingly, this is a matter between citizens of a foreign state and a citizen of Texas and the amount in controversy exceeds $75,000.00; thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Fast Track's claims occurred in this district.

Additionally, Bizz's principal place of business is within this district and its apparent Members/Managers reside in this district.

### III. FACTS

9. Fast Track designs, develops, and manufactures high-end clothing for sale to retail, internet stores, and mail-order companies from around the world.

10. As a world-renowned manufacturer, Fast Track utilizes an industry standard two-step quality audit before providing goods to purchasers. Fast Track's goods are first checked at the factory, and then checked again by a third-party quality standards auditor. At each point, the auditors review portions of the lot to determine if the goods meet an acceptable level of quality. If less than an established percentage of the reviewed portion are defective, industry standard dictates the goods are acceptable and Fast Track releases shipment to its customers.

11. Bizz operates an online clothing sales business, focusing on selling children's clothing to consumers.

12. In September, 2021, Bizz approached Fast Track to manufacture and source various custom, branded units of children's clothing, which Bizz would then sell to its customers. Specifically, on or about April 6, 2022 and May 18, 2022, Bizz placed multiple purchase orders for the manufacturing and shipment of goods from Fast Track for a total of $354,328.30 (the "Fall 2022 Order"). True and correct copies of the purchase orders comprising the Fall 2022 Order (collectively, the "Fall 2022 POs") are collectively attached hereto and incorporated by referenced as Exhibit "A."

13. Pursuant to the terms of the Fall 2022 POs and common industry practice, Bizz was required to remit a 50% down payment upon placement of the order, followed by 50% payment before shipment of the goods ex factory.

14. Bizz made the initial 50% payment and, in good faith, Fast Track delivered the

quality-approved goods within a normal timeline for the industry, but prior to receiving payment for the remaining balance. Although the Fall 2022 POs listed an ex-factory date of August 15, 2022, Bizz failed to provide final approval for initial production until August 10, 2022. The standard production time for clothing manufacturing from approval to shipment is six to eight weeks; thus, the anticipated delivery date of the Fall 2022 Order was extended to October 10, 2022.

15. For reasons unclear to Fast Track and contrary to customs within the clothing industry, Bizz refused acceptance of items totaling $20,940.20, which were custom-manufactured and branded and, accordingly, cannot be resold by Fast Track.

16. Bizz also refused to remit payment for certain already-delivered items totaling $15,646.70, claiming the goods, which had undergone Fast Track's rigorous, industry-approved quality control audits, were full of errors. Bizz has been unable to articulate any quality control standards it utilized in determining the goods were unacceptable.

17. Despite Bizz's claim that portions of the goods were unacceptable, it still markets several of the goods manufactured by Fast Track on its website:[1]



---

[1] Bizz X Siss, https://bizzxsiss.com/collections/frontpage (last visited Jan. 25, 2023).

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                                 **PAGE 4**





18.     As of the filing of the Complaint, the aggregate amount of $36,586.90, excluding interest and legal fees, remains due and owing for items manufactured by Fast Track pursuant to the Fall 2022 POs.

19.     Further, on or about October 20, 2022, Bizz placed additional purchase orders for 14,607 items of clothing with a total purchase price of $141,821.00 (the "Spring 2023 Order"). True and correct copies of the purchase orders comprising the Spring 2023 Order (collectively, the "Spring 2023 POs") are collectively attached hereto and incorporated by referenced as Exhibit "B."

20.     Originally, Fast Track advised it would not begin actual production until it received the initial 50% deposit payment. However, in another effort to show its continued good faith and as a reaction to Bizz's previous strenuous time lines and demand, Fast Track began pre-production by

ordering and receiving raw materials and investing significant capital and production allocation, for the goods identified in the Spring 2023 POs. Despite this, and Bizz's knowledge of Fast Track's efforts, Bizz failed and refused to remit any payment whatsoever for the Spring 2023 Order, instead electing to cancel the same after first promising on several occasions that the initial payment was forthcoming.

21. Due to the custom nature of the materials purchased in reliance upon Bizz's representations concerning the Spring 2023 Order, and the pre-production efforts it had to take in anticipation of bulk production to meet Bizz's demand, Fast Track is unable to utilize the materials and goods for other purposes.

22. Had Fast Track not allocated its resources and pre-production capabilities and labor to the impending bulk production in an effort to meet Bizz's strenuous demands, they could have been used for production of other goods. However, because Fast Track exercised extraordinary good faith to exceed Bizz's abnormal demands, its ability to utilize its resources for other clients and production, thereby reducing its claim arising from the Spring 2023 POs, was made impossible. Accordingly, the full amount of $141,821.00 remains due and owing to Fast Track pursuant to the Spring 2023 POs.

23. Fast Track made multiple demands upon Bizz to remit payment due under the Fall 2022 POs and Spring 2023 POs (collectively, the "Purchase Orders"), including by letter dated December 29, 2022. However, Bizz has failed and refused to pay the amounts due and owing.

24. After the allowance of all just and lawful offsets, payments, and credits to Bizz's account, the aggregate balance thereon of $178,407.90 is past due and unpaid, and Bizz, although repeatedly requested by Fast Track, has wholly failed and refused and still refuse to pay the same or any part thereof.

25. All conditions precedent to Fast Track's right to recover judgment, attorney fees,

and any other relief sought herein from Bizz have been performed or have occurred, and all notices required have been given or have been waived.

## IV. CAUSES OF ACTION

### COUNT 1: BREACH OF CONTRACT

26. Fast Track incorporates herein all prior and subsequent allegations in this pleading as though fully set forth herein.

27. A valid and enforceable agreement existed between Fast Track and Bizz for the purchase and delivery of goods, as reflected by the Purchase Orders.

28. Fast Track performed by manufacturing and, as allowed by Bizz, delivering goods ordered by Bizz pursuant to the Fall 2022 POs.

29. Fast Track further performed by beginning pre-production of goods ordered by Bizz, including ordering raw materials, created prototypes and sampling, and investigation significant capital and resources in lead-up to bulk production, pursuant to the Spring 2023 POs.

30. Despite Fast Track's performance, Bizz, although repeatedly requested by Fast Track, has wholly failed and refused and still refuses to pay the same or any remaining part thereof. Accordingly, Bizz has breached its contractual obligations to Fast Track.

31. After the allowance of all lawful offsets, credits, and payments, the balance under the Fall 2022 POs of $36,586.40 is past due and unpaid.

32. Further, after the allowance of all lawful offsets, credits, and payments, the balance under the Spring 2023 POs of $141,821.00 is past due and unpaid.

### COUNT 2: ACCOUNT STATED

33. Fast Track incorporates all prior and subsequent allegations in this pleading as though fully set forth herein.

34. This account is a liquidated money demand on which a systematic record has been kept as therein shown, and arises out of business dealings between the parties in which Fast Track, at the special instance and request of the Bizz, furnished Bizz with money, goods, wares or services, and in consideration whereof, Bizz then and there promised to pay Fast Track, the amount of such furnished goods, materials, or services provided to Bizz based on the parties' agreed rates and charges.

35. Bizz failed to pay Fast Track for the furnished goods, wares, or services and breached their agreement with Fast Track to timely pay the Purchase Orders. As a proximate result of Bizz's conduct, Fast Track have suffered actual damages in an amount within the jurisdictional limits of this Court.

### COUNT 3: ALTERNATIVELY, UNJUST ENRICHMENT

36. Fast Track incorporates all prior and subsequent allegations in this pleading as though fully set forth herein.

37. Fast Track conferred a benefit on Bizz by providing goods used by Bizz at Bizz's request.

38. Bizz accepted the benefits conferred by Fast Track by retaining shipped goods and obtained an undue advantage by later refusing to pay for the goods rendered.

39. It would be unconscionable to allow Bizz to be unjustly enriched by its refusal to compensate Fast Track for the benefits conferred.

### COUNT 4: ALTERNATIVELY, QUANTUM MERUIT

40. Fast Track incorporates all prior and subsequent allegations in this pleading as though fully set forth herein.

41. Fast Track provided Bizz with goods, services, and materials in the form of clothing contemplated by the Purchase Orders.

42. Bizz accepted the benefit of the goods, services, and materials provided with knowledge of Fast Track's expectation of receiving payment for the goods, services, and materials provided.

43. To date, Bizz has failed and refused to fully compensate Fast Track for the materials and services provided.

44. Therefore, Fast Track is entitled to recover its actual damages in the form of the value of the goods, services, and materials provided under the Fall 2022 POs, which is the sum of $15,646.70.

## COUNT 5: PROMISSORY ESTOPPEL

45. Fast Track incorporates all prior and subsequent allegations in this pleading as though fully set forth herein.

46. Bizz promised to pay for the goods, services, and materials provided to it by Fast Track.

47. In reliance upon these promises, Fast Track agreed to provide, and in some cases did provide, the goods, services, and materials promised at a substantial cost and detriment to Fast Track.

48. Fast Track's reliance upon Bizz's promise was foreseeable by Bizz, and Fast Track did rely on Bizz's promise by providing or investing significant capital in preparing to provide the goods, services, and materials contemplated by the Purchase Orders.

49. The injustice perpetuated by Bizz on Fast Track can only be remedied by enforcing Bizz's promises to pay for the goods, services, and materials provided.

50. Therefore, Fast Track seeks recovery of its reliance damages which, in this case, are the costs of the goods, services, and materials provided, pre-judgment interest, post-judgment

interest, court costs, and attorney's fees pursuant to Texas Civil Practice and Remedies Code § 38.001 *et seq*.

### COUNT 6: ATTORNEY FEES

51. Fast Track incorporates all prior and subsequent allegations in this pleading as though fully set forth herein.

52. Upon Bizz's failure to pay the balance owing on said Agreement, Fast Track placed the Purchase Orders in the hands of the undersigned attorneys for enforcement, and Fast Track agreed to pay said attorneys reasonable attorney fees for their services for which Bizz has become liable by virtue of Texas Civil Practice and Remedies Code § 38.001 *et seq*.

53. Additionally, and if necessary, in the alternative, Bizz is also liable for Fast Track's attorney fees under Fast Track's claims of quantum meruit cause of action and promissory estoppel.

### V. CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Fast Track prays that Bizz be cited to appear and answer herein, and that after consideration of the evidence and pleadings herein, Fast Track have and recover a judgment awarding all monetary relief to which it may show itself justly entitled, including the past-due balance of $178,407.90, attorney fees, court costs, prejudgment interest at the statutory rate from the date of default, and post-judgment interest as provided by law. Fast Track further prays that the Court grant them any such other and further relief to which Fast Track may be entitled at law or in equity.

**Respectfully Submitted,**

*/s/ Matthew B. Fronda*
Matthew B. Fronda
State Bar I.D. #24086264
*mfronda@padfieldstout.com*
Owen C. Babcock
State Bar I.D. #24104585
*obabcock@padfieldstout.com*
PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
817-338-1616 phone
817-338-1610 fax

*Attorneys for Plaintiffs
Fast Track Sourcing FZ LLE and
Fast Track Sourcing FZC LLC*