IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAST TRACK SOURCING FZ LLE and FAST TRACK SOURCING FZC LLC, | § § § § | |
| Plaintiffs/Counter-Defendants, | § § § § | |
| V. | § § | No. 3:23-cv-209-BN |
| J&L SHORTT LLC D/B/A BIZZ & SISS D/B/A BIZZ X SIS, | § § § § | |
| Defendant/Counter-Plaintiff/Third-Party Plaintiff, | § § § | |
| V. | § § | |
| MIRA EXIM LIMITED, | § § | |
| Third-Party Defendant. | § | |

**MEMORANDUM OPINION AND ORDER RETURNING CASE TO
DISTRICT JUDGE FOR LACK OF CONSENT UNDER 28 U.S.C. § 636(c)**

**Background**

As counsel confirmed at the April 1, 2025 pretrial scheduling conference [Dkt. No. 79], Plaintiffs Fast Track Sourcing FZ LLE and Fast Track Sourcing FZC LLC and Defendant/Counterclaimant J&L Shortt LLC d/b/a Bizz & Siss d/b/a Bizz x Siss consented in writing to trial in this case before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). *See* Dkt. No. 70.

Under Section 636(c), "a magistrate judge may conduct any or all proceedings in a civil matter and order the entry of judgment in the case when, one, the parties

have consented and two, the district court has specially designated the magistrate judge to exercise such jurisdiction." *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

More specifically, a magistrate judge may "exercise jurisdiction if the parties who have been served with process consent," and "unserved parties need not consent." *Burrage v. Mississippi State Prison*, No. 4:22CV136-DAS, 2023 WL 4224820, at *2 (N.D. Miss. June 27, 2023).

But Counter-Defendant Mira Exim Limited ("Mira") has been served. *See* Dkt. No. 62 at 2. And Mira has not appeared in the action and has not consented in writing to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c). *See* Dkt. Nos. 62, 63, 66, 67, & 70.

And, so, on April 1, 2025, following the pretrial scheduling conference and upon recognizing this deficiency, the Court entered an order advising the parties that it appears that this case must be returned to a district judge for further proceedings but giving the parties an opportunity to file a response to that order and advising that the Court will take no further action in the case pending a determination on whether the undersigned can proceed as the presiding judge in this case under 28 U.S.C. § 636(c).

Plaintiffs Fast Track Sourcing FZ LLE and Fast Track Sourcing FZC LLC and Defendant/Counterclaimant J&L Shortt LLC d/b/a Bizz & Siss d/b/a Bizz x Siss then filed a Joint Response to the Court's April 1, 2025 Order Regarding Consent Under 28 U.S.C. § 636(c). *See* Dkt. No. 81.

In their Joint Response, they explain that, "[d]espite service of the Complaint, Mira Exim Limited ('Mira') failed to appear or otherwise defend this lawsuit, and the Clerk entered Mira's default on November 1, 2024" and that, "[t]o avoid the possibility of inconsistent judgments due to Mira and Plaintiff/Counter-Defendant Fast Track's status as alter egos, the District Judge maintained the entry of default against Mira but ordered Bizz to move for default judgment against Mira after the resolution of Bizz's claims against Fast Track." *Id.* at 1-2.

Fast Track and Bizz then contend that "[t]he Clerk's entry of default against Mira operates to 'cut off' Mira's right to appear in the case with respect to liability issues." *Id.* at 2. And, they assert, "[w]hile the parties' research did not uncover a Fifth Circuit case involving the specific factual scenario present here (involving an entry of default against a defendant who has failed to appear, but is jointly and severally liable with an appearing defendant), the parties' position is that Mira's consent to proceed before the Magistrate Judge is not necessary because Mira is in default." *Id.*

Fast Track and Bizz argue that, "[b]y failing to appear in this lawsuit and the Clerk's entry of default against it, Mira has forfeited its right to appear in the case for purposes of issues like consenting to jurisdiction of the Magistrate Judge." *Id.*

## Analysis

The undersigned cannot agree.

The United States Supreme Court has held that a named defendant "becomes a party officially, and is required to take action in that capacity, only upon service of

a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Consistent with this governing law, the United States Court of Appeals for the Fifth Circuit has held that, where named defendants "had not been served, they were not parties to [an] action at the time the magistrate entered judgment," and, "[t]herefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction" under 28 U.S.C. § 636(c). *Neals*, 59 F.3d at 532; *accord McDavid v. Gonzalez*, No. 5:21-cv-18-H, 2023 WL 7127508, at *2 n.1 (N.D. Tex. Oct. 30, 2023). On the other hand, Fifth Circuit law holds that, when a defendant or counter-defendant has been served, it becomes a party whose consent is required under Section 636(c). *See Neals*, 59 F.3d at 532.

A named and properly-served defendant's failing to appear, and the Clerk of Court's resulting entry of default, does not change that.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). And, under Fifth Circuit law, "[a] default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules" of Civil Procedure. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

But "[d]efault may be properly entered only against a party who has been

properly served." *Kawall v. New Jersey*, 678 F. App'x 86, 87 (3d Cir. 2017); *accord Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 239 (5th Cir. 2016). "Once the plaintiff effects service of process, however, [Federal Rule of Civil Procedure] 12 is triggered and then the defendant must answer the complaint or risk default." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).

Correspondingly, "proper service of process is a jurisdictional prerequisite to the entry of a default judgment" under Federal Rule of Civil Procedure 55(b)(2). *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015). That is, "a court cannot enter a default judgment unless the defaulting party was properly served with process. Indeed, '[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.'" *Johnson v. Yoakum Cmty. Hosp.*, No. 6:21-CV-00018, 2021 WL 4520263, at *4 (S.D. Tex. Oct. 1, 2021) (cleaned up; quoting *Murphy Bros.*, 526 U.S. at 350)). "Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers*, 167 F.3d at 937.

In short, a defendant that is in default because it has been properly served and has failed to plead or otherwise defend necessarily also has the status of a "party" in the action. And that includes defendants who have never "appear[ed] in the action." *Rogers*, 167 F.3d at 937.

By defaulting, a defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact" but is not deemed to "admit allegations that are not well-pleaded

or to admit conclusions of law." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). And "[t]he Supreme Court has made clear that if a party defaults by failing to appear or file a timely responsive pleading, the party waives defects in venue." *Rogers*, 167 F.3d at 942.

But, while "a defendant in default waives any objection to venue," *Rogers*, 167 F.3d at 942, and "forfeit[s its] right to assert certain defenses," those waived defenses do not include, for example, lack of personal jurisdiction, *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). Rather, "in federal court, a defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds." *LMC Props., Inc. v. Prolink Roofing Sys., Inc.*, No. 23-11090, 2024 WL 4449421, at *4 (5th Cir. Oct. 9, 2024) (cleaned up).

Turning to consider Section 636(c) against that legal background, the undersigned finds no authority or basis in the governing law to conclude that a defendant who is properly served with process automatically waives, by failing to appear at all and having default entered against it, its status as a party whose consent is required to proceed before a magistrate judge under Section 636(c).

And, so, "a magistrate judge cannot enter default judgment against a party" – or proceed with the case under Section 636(c) at all – "absent the defaulting party's consent to the jurisdiction of the magistrate judge to enter final judgment." *Ideavillage Prods. Corp. v. Antiker*, No. 1:20-CV-04681-MKV, 2021 WL 1987382, at *2 (S.D.N.Y. May 17, 2021) (collecting cases).

That is because, "a magistrate judge 'may conduct any or all proceedings in a

jury or nonjury civil matter and order the entry of judgment in the case' [only] if he is specially designated by the district court and all the parties' voluntary consent is obtained. 28 U.S.C. § 636(c)(1). Consent is thus the touchstone of magistrate judge jurisdiction." *PNC Bank, Nat'l Ass'n v. Ruiz*, 989 F.3d 397, 400 (5th Cir. 2021).

Here, Mira has not expressly consented under Section 636(c).

Still, "[i]n some circumstances, consent need not be express," and "[i]mplied consent can be deduced from a party's conduct during litigation and is sometimes enough to satisfy the consent requirement." *PNC*, 989 F.3d at 400.

But, under Section 636(c), "consent may be implied only in certain narrowly circumscribed contexts" and "only on the premise that the parties appeared before the magistrate judge without expressing any reservation about doing so." *PNC*, 989 F.3d at 400 (cleaned up). And, "whether express or implied," "[a] party's consent under [28 U.S.C.] § 636(c) to have its case tried by a non-Article III magistrate judge must be knowing." *IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 416 (5th Cir. 2023) (cleaned up).

The undersigned cannot find that Mira has implicitly and knowingly consented to proceed before a magistrate judge under Section 636(c) in this case.

Although "the requisite consent can be inferred from the party's conduct" after being "notified of his right to withhold consent," Mira has engaged in no conduct at all during this litigation. *Donaldson v. Ducote*, 373 F.3d 622, 624 & n.1 (5th Cir. 2004); *accord Rodrigues v. Corona Advances, Inc.*, No. 15-CV-6815 (BCM), 2018 WL 4043149, at *3 (S.D.N.Y. Aug. 24, 2018) ("Nor could [the defaulting defendant's]

consent be inferred from its conduct, since it was not present before the Court at any time during the life of this action."); *U.S. for Use & Benefit of Siemens Indus., Inc. v. Hanover Ins. Co.*, No. 4:15CV18, 2015 WL 13734073, at *2 (E.D. Va. Nov. 18, 2015) ("Here, it is clear that [the defaulting defendant] has not consented to the jurisdiction of a Magistrate Judge for dispositive motions. As explained in the filings herein, [the defaulting defendant] has not appeared at all."), *rec. adopted*, 2015 WL 8514853 (E.D. Va. Dec. 11, 2015).

Mira, then, has not "act[ed] in any affirmative manner to consent to the Magistrate Judge's authority through actions rather than words" and "cannot be deemed to have implicitly consented to the Magistrate Judge's jurisdiction" under Section 636(c). *Jack Tyler Eng'g Co. v. Colfax Corp.*, No. 10-02373-CGC, 2011 WL 384614, at *3 (W.D. Tenn. Feb. 3, 2011).

## Conclusion

For all of these reasons, the undersigned concludes that this case must be – and now is ordered to be – transferred to a district judge as the presiding judge.

SO ORDERED.

DATED: April 9, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE